UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Mark Shell, | ) **C/A No. 2:11-2025-MBS-BHH** |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Sheriff Davis;<br>Major Smith, *Head Administrator*;<br>Lt. Butler, *Administration*;<br>Lt. Lurk, *Administration*;<br>Cpt. Millaton;<br>Greenwood County Detention Center, | ) |
| Defendants. | ) |

### *Background of this Case*

Plaintiff was a detainee at the Greenwood County Detention Center when he filed this case, which concerns medical care and safety matters. At the present time, Plaintiff is confined at the Columbia Care Center of the South Carolina Department of Mental Health. Plaintiff alleges that he had spots on his face from the dye in towels and rags at the Greenwood County Detention Center. In the amended Complaint (ECF No. 11), Plaintiff states that the jail does not provide pillows and that, as a result, Plaintiff was using the towels and rags as a pillow.

*Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's or petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* Amended Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The Greenwood County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Greenwood County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington County Detention Center*, 586

F. Supp. 2d 444, 451 (D.S.C. 2008).  *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996).

Since Plaintiff was a pre-trial detainee submit at all relevant times in this case, his claims are evaluated under the Fourteenth Amendment.  *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

Plaintiff's medical care claims in this case are subject to summary dismissal.  With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken.  The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation."  *Estelle v. Gamble*, 429 U.S. at 105. "'Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.'"  *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 471 (D.S.C. 2006), quoting *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).  *See also Hudson v. McMillian*, 503 U.S. 1 (1992) (holding that, to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); and *Wilson v. Seiter*, 501 U.S. 294 (1991).

None of the named Defendants are medical care personnel.  *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990) (explaining when a medical treatment claim can be brought against

3

non-medical prison personnel).  There is no allegation in the Amended Complaint that any of the named individual Defendants interfered with or delayed Plaintiff's medical treatment, as required by cases such as *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).  Significantly, Plaintiff's alleged medical problems were caused by dyes in the towels and rags, and not by any actions of the named Defendants, whose job-titles indicate that they are not responsible for providing medical care.  See *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

Plaintiff does not disclose whether he stopped using the towels and rags as a pillow prior to his transfer to the Columbia Care Center.[*]  Even if Plaintiff continued to use the towel and rags as a pillow, Plaintiff's subsequent transfer to the Columbia Care Center has made this case moot, insofar as Plaintiff's request for treatment is concerned.  See *Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007)*; Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977).  Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971).  Moreover, "[a] case is moot if a litigant's interest in the outcome of the

---

[*] *But see Thomas v. Davis*, No. 1:09-CV-00085-SNLJ, 2011 WL 3607045 (E.D. Mo. Aug. 12, 2011) (prisoner shoved his mattress into food port; court concluded that this constituted "misuse of his mattress").  Had Plaintiff used the towels and rags as intended, his face would have been exposed to the towels and rags for only a few seconds at a time.

action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, No. 91-155-M, 1994 WL 470568 (D.N.H., September 2, 1994), *reconsideration denied*, *I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS 17258 (D.N.H., Nov. 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge

September 13, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).